UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Leo L. Robertson,<br>Plaintiff,<br><br>v.<br><br>Unifirst Corporation,<br>Defendant. | CASE NO.: 2:26-cv-04241-RMG-PJG<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of age discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about June 30, 2026.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Leo L. Robertson, is a citizen and resident of the State of South Carolina, and resides in Colleton County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Unifirst Corporation, upon information and belief, is a foreign corporation organized in the State of Massachusetts and operating under the laws of the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

8. The Defendant employs fifteen (15) or more employees and is an “employer” within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

**STATEMENT OF FACTS**

10. On or about June 6, 2006, the Plaintiff began working for the Defendant as a driver and more recently as a Service Assistant Production Plant Manager.

11. The Plaintiff was sixty-four (64) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

12. Defendant switched to a new computer system. A number of comments were made about the Plaintiff being old and not able to learn the new system fast enough.

13. On or about October 2, 2025, the Plaintiff was subjected to discrimination when he was told that his position was being eliminated. The Plaintiff then requested a Sales Associate position, but he was denied.

14. The Plaintiff reported the discrimination and inappropriate behavior. The Defendant then began to harass and retaliate against the Plaintiff due to his age.

15. Despite Plaintiff reporting the discriminating behavior, Defendant did not take appropriate action to resolve the problems.

16. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

17. Plaintiff was then terminated on or about October 7, 2025, due to his complaints of age discrimination, said reason being pretextual in nature.

18. Following Plaintiff’s termination, the Plaintiff became aware that the Defendant hired a younger employee (under 40), with less experience for his position of Service Assistant Production Plant Manager.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Age Discrimination in Employment Act**

19. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

20. Plaintiff was a member of a protected group on the basis of his age. Plaintiff was an employee for a position that he was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from his position due to his age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

21. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

a. In failing to promote or continue to employ Plaintiff due to his age;

b. In retaliating against Plaintiff by terminating and showing disparate treatment against Plaintiff; and

c. By Defendant hiring, training, and replacing the Plaintiff with a younger individual with less experience.

22. Defendant violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

23. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, he would not have been terminated.

24. As a direct and proximate result of the acts and practices of Defendants in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney fees and costs.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Age Discrimination in Employment Act - Retaliation**

25. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

26. That as alleged above, Plaintiff complained to the Defendant on several occasions about age discrimination.

27. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

28. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

29. The Defendant's stated reason for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

30. Plaintiff's reports of age discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of age discrimination, he would not have been terminated.

31. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

32. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws gainst retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

33. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

34. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

35. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

36. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to have his lost wage amount doubled against the Defendant.

## REQUEST FOR RELIEF

37. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

38. Due to the acts of the Defendant, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

39. That by reason of such wrongful acts of the Defendant, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact said amount to be doubled; and

5. Judgment against Defendant, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Charles W. Neely*
Charles W. Neely (Fed. ID# 12913)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
September 24, 2026.